1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE OCTAVIO LOPEZ SANCHEZ, | ) | 1:08-CV-800 WMW  HC |
| | ) | |
| Petitioner, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER RE MOTION TO |
| vs. | ) | DISMISS PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS |
| | ) | |
| NEIL H. ADLER, WARDEN, | ) | [Doc. 9] |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

Petitioner is a federal prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241.  Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

**BACKGROUND**

Petitioner is a federal inmate housed at the Taft Correctional Institution ("TCI").  In his petition, Petitioner alleges that his due process rights were violated in connection with charges brought against him for possession of a weapon and unauthorized narcotics while incarcerated at TCI.

## PROCEDURAL HISTORY

It is undisputed that on September 21, 2007, Officer G. Floyd was assigned to search the locker of Petitioner.  According to the relevant incident report, during his search, Officer Floyd discovered an unidentified red and yellow capsule and a pair of scissors that was separated with homemade handles at each end.  The medical department was contacted and confirmed that Petitioner was not prescribed the confiscated capsule.  Petitioner was cited with violating BOP Policy Statement 5270.07, Prohibited Acts Codes 104 and 113.[1]  At the October 4, 2007 disciplinary hearing, the presiding Disciplinary Hearing Officer determined that based on the evidence, Petitioner was guilty of violating Prohibited Acts Codes 104 and 113.

## LEGAL STANDARD

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of Petitioner's sentence and not the fact of Petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir.1998) (per curiam) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies).

Further, because Petitioner is challenging the execution of his sentence at Taft Correctional Institution and Taft is within the Eastern District of California, Fresno Division,

---

[1] Prohibited Acts Code 104 prohibits: "possession, manufacture, or introduction of a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive or any ammunition."  Prohibited Acts Code 113 prohibits: "possession of any narcotics, marijuana, drugs, or related paraphernalia not prescribed for the individual by the medical staff."

2

the court has jurisdiction over this petition. See, Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

### DISCUSSION

Petitioner makes two allegations, claiming in regard to both charges that he was charged with a crime that he did not commit.  In regard to BOP Prohibited Acts Code 104, Petitioner contends that he did not possess, manufacture, introduce a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive or any ammunition as prohibited by Code 104.  Instead, he claims that he merely possessed scissors purchased from the commissary.  He argues that he would not have been able to purchase the scissors from the commissary if they were considered a weapon.

In regard to BOP Prohibited Acts Code 113, Petitioner contends that he was not in "possession of any narcotics, marijuana, drugs, or related paraphernalia not prescribed for the individual by the medical staff" as prohibited by Code 113.   Instead he asserts that he possessed only "one capsule" of "medication," not drugs or narcotics.

Respondent moves to dismiss this petition pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, on the ground that Petitioner has failed to state a claim for which the court can grant relief.  Petitioner opposes the motion.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on

3

the Rules Governing Section 2254 Cases and case law, the court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

Under the Fourteenth Amendment, no state shall deprive any person of life, liberty, or property without due process of law.  Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

A prisoner in a prison disciplinary hearing is not entitled to the full array of due process rights that a defendant possesses in a criminal prosecution. Id. at 556.  However, a prisoner who is accused of serious rules violations and who may be deprived of his or her good-time credits is entitled to certain minimum procedural protections.  Id. at 571-71 n. 9.

The process due in such a prison disciplinary hearing includes: (1) written notification of the charges; (2) at least a brief period of time after the notice to prepare for the hearing; (3) a written statement by the fact-finders as to the evidence relied on and reasons for the disciplinary action; (4) the inmate facing the charges should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.  Id. at 564, 566, 570.

In the present case, Petitioner does not contend that he was deprived of any of the above components of due process in regard to his disciplinary hearing.  The incident report, a copy of which Petitioner attached to his petition, indicates that Petitioner was provided with a copy of the report on September 21, 2007, the same day the alleged incident took place.  The incident report stated the charges brought against Petitioner and the evidence in support of the charges. The disciplinary hearing was not held until October 4, 2007, providing Petitioner with time to prepare for the hearing.  Respondent provides as Exhibit D a copy of a  Federal Bureau of Prisons Inmate Rights at Disciplinary Hearing Form which is signed by Petitioner. The form indicates that Petitioner waived his right to have a staff representative and waived his right to call witnesses at his hearing.  The court finds, therefore, no indication of any

4

1  violation of the elements of procedural due process set forth above.

2      In addition, a decision to revoke an inmate's good-time credit does not comport with

3  minimum procedural due process requirements unless its underlying findings are supported

4  by "some evidence." Superintendant v. Hill, 472 U.S. 445, 454 (1985).  The U.S. Supreme

5  Court has held that "ascertaining whether this standard is satisfied does not require

6  examination of the entire record, independent assessment of the credibility of witnesses, or

7  weighing of the evidence.  Instead, the relevant question is whether there is any evidence in

8  the record that could support the conclusion reached by the disciplinary board." Id. at 455-

9  56.  The Ninth Circuit has further held that there must be "some indicia of reliability of the

10  information that forms the basis for prison disciplinary actions." Cato v. Rushen, 824 F.2d

11  703, 705 (9th Cir. 1987) (uncorroborated hearsay statement of confidential informant with no

12  firsthand knowledge is not enough evidence to meet Hill standard.)

13      Here, Petitioner claims that he did not do any of the acts proscribed in Prohibited Acts

14  Code 104, but merely possessed scissors purchased from the commissary.  He argues that he

15  would not have been able to purchase the scissors from the commissary if they were

16  considered a weapon.   In so arguing, Petitioner ignores the fact that the scissors were

17  separated with homemade handles.  Petitioner admits to having the scissors although he

18  claims that the "officer must have separated them."  The photograph attached as evidence to

19  the Incident Report show that the scissors were separated with homemade handles.  The court

20  must agree with Respondent that Petitioner's admissions, the incident report, the Officer's

21  statements and the photographic evidence constitute the required "some evidence" to support

22  the Disciplinary Board's finding that Petitioner violated Prohibited Acts Code 104.

23      In regard to BOP Prohibited Acts Code 113, Petitioner contends that he was not in

24  possession of any of the banned substances, and  only possessed "one capsule" of

25  "medication," not drugs or narcotics.  Petitioner provides no authority for his presumption

26  that one capsule cannot constitute drugs or narcotics.  Photographs of the capsule were

attached to the incident report, and Petitioner admits that he had possession of the capsule. Again, the court finds that Petitioner's admissions, the incident report, the Officer's statements and the photographic evidence constitute the required "some evidence" to support the Disciplinary Board's finding that Petitioner violated Prohibited Acts Code 113.

Based on the foregoing, the court finds that under the facts of this case, Petitioner's claim that he was charged with crimes he did not commit  fails to state a claim upon which relief can be granted.

In light of the above, IT IS HEREBY ORDERED as follows:

1)      Respondent's motion to dismiss is GRANTED;

2)      This petition for writ of habeas corpus is DISMISSED for failure to state a claim upon which relief can be granted; and

3)      The Clerk of the Court is directed to enter judgment for Respondent and to close this case.


IT IS SO ORDERED.

Dated:   __January 12, 2009__              _____/s/  William M. Wunderlich_____
                                                           UNITED STATES MAGISTRATE JUDGE

6